**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDWENA R. HEGNA, as Executrix of the Estate of Charles F. Hegna, late of Sterling in the Commonwealth of Virginia and individually, 3210 East Jacaranda Circle Mesa, AZ 85213; | Civ. No. 1:08-cv-00274(HHK) |
| | NOTICE OF PENDING ACTION PURSUANT TO 28 U.S.C. 1605A(g)(1) Public Law 110-181 |
| STEVEN A. HEGNA 6128 Redwood Lane Alexandria, VA 22310; | |
| CRAIG M. HEGNA 46364 Utica Square Potomac Falls, VA 20165; | |
| LYNN MARIE HEGNA MOORE 3477 E. Bridgeport Parkway Gilbert, AZ 85297; | |
| and | |
| PAUL B. HEGNA C/o Edwena R. Hegna 3210 East Jacaranda Circle Mesa, AZ 85213; | |
| PLAINTIFFS | |
| v. | |
| ISLAMIC REVOLUTIONARY GUARD CORPS (a.k.a. AGIR; a.k.a. IRANIAN REVOLUTIONARY GUARD CORPS; a.k.a. IRG; a.k.a. IRGC; a.k.a. ISLAMIC REVOLUTIONARY CORPS; a.k.a. PASDARAN; a.k.a. PASDARAN-E ENGHELAB-E ISLAMI; a.k.a. PASDARAN-E INQILAB; a.k.a. REVOLUTIONARY GUARD; a.k.a. REVOLUTIONARY GUARDS; a.k.a. SEPAH; a.k.a. SEPAH PASDARAN; a.k.a. SEPAH-E PASDARAN-E | |
| | **DATE:** FEBRUARY 22, 2008 |

```
ENQELAB-E ESLAMI; a.k.a.THE          )
ARMY OF THE GUARDIANS OF THE         )
ISLAMIC REVOLUTION; a.k.a.THE        )
IRANIAN REVOLUTIONARY GUARDS         )
                                     )
MINISTRY OF DEFENSE AND ARMED        )
FORCES LOGISTICS OF THE              )
ISLAMIC REPUBLIC OF IRAN             )
TEHRAN, IRAN;                        )
                                     )
and                                  )
                                     )
THE ISLAMIC REPUBLIC OF IRAN,        )
                                     )
MINISTRY OF FOREIGN AFFAIRS          )
IMAM KHOMEINI SQ.,                   )
TEHRAN, IRAN;                        )
                                     )
                                     )
         DEFENDANTS.                 )
```

## NOTICE OF PENDING ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA:

**You are hereby respectfully notified** that this action, was instituted by a Complaint filed in this Court, pursuant to 28 U.S.C. § 1605A, Public Law 110-181 (2nd Sess.), on February 19, 2008, a copy of which Complaint, as on file, is annexed to this Notice of Pending Action. Pursuant to 28 U.S.C. § 1605A(g)(1), there is hereby established a lien of lis pendens upon all real property and tangible personal property, subject to execution under 28 U.S.C. § 1610, located in this District and titled in the name of the defendants, the Islamic Republic of Iran, or any of its agencies or instrumentalities and/or the Islamic Revolutionary Guard Corps a.k.a. AGIR, a.k.a. Iranian Revolutionary Guard Corps.

**You are hereby respectfully requested to file** this Notice of Pending Action in the same manner as in any pending action, indexed by listing as defendants all named defendants, as required by 28 U.S.C. § 1605A(g)(2).

THE PLAINTIFFS, EDWENA R. HEGNA, EXECUTRIX OF THE ESTATE OF CHARLES F. HEGNA; EDWENA R. HEGNA, INDIVIDUALLY; STEVEN A. HEGNA; CRAIG M. HEGNA; LYNN MARIE HEGNA MOORE; AND PAUL B. HEGNA

By: /s/ Ralph P. Dupont
   Ralph P. Dupont, Esq.
   CT 05596
   Of The Dupont Law Firm, LLP
   Their Attorneys
   1177 High Ridge Rd.
   Stamford, CT 06905
   Tel: (203) 321-2176
   FAX: (203) 321-1275
   E-mail: radlaw2001@aol.com

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EDWENA R. HEGNA, as )
Executrix of the Estate of Charles F. )
Hegna, late of Sterling in the )
Commonwealth of Virginia and )
individually, ) **COMPLAINT**
3210 East Jacaranda Circle )
Mesa, AZ 85213; )
)
STEVEN A. HEGNA )
6128 Redwood Lane )
Alexandria, VA 22310; ) Case: 1:08-cv-00274
) Assigned To : Kennedy, Henry H.
CRAIG M. HEGNA ) Assign. Date : 2/19/2008
46364 Utica Square ) Description: PI/Malpractice
Potomac Falls, VA 20165; )
)
LYNN MARIE HEGNA MOORE )
3477 E. Bridgeport Parkway )
Gilbert, AZ 85297; )
)
and )
)
PAUL B. HEGNA )
C/o Edwena R. Hegna )
3210 East Jacaranda Circle )
Mesa, AZ 85213; )
)
      PLAINTIFFS )
)
   v. )
)
ISLAMIC REVOLUTIONARY GUARD )
CORPS (a.k.a. AGIR; a.k.a. IRANIAN )
REVOLUTIONARY GUARD CORPS; )
a.k.a. IRG; a.k.a. IRGC; a.k.a. ISLAMIC )
REVOLUTIONARY CORPS; a.k.a. )
PASDARAN; a.k.a. PASDARAN-E )
ENGHELAB-E ISLAMI; a.k.a. )
PASDARAN-E INQILAB; a.k.a. )
REVOLUTIONARY GUARD; a.k.a. )
REVOLUTIONARY GUARDS; a.k.a. ) **DATE:** FEBRUARY 19, 2008
SEPAH; a.k.a. SEPAH PASDARAN; )
a.k.a. SEPAH-E PASDARAN-E )

| | |
|---|---|
| ENQELAB-E ESLAMI; a.k.a.THE ARMY OF THE GUARDIANS OF THE ISLAMIC REVOLUTION; a.k.a.THE IRANIAN REVOLUTIONARY GUARDS | ) ) ) ) ) |
| MINISTRY OF DEFENSE AND ARMED FORCES LOGISTICS OF THE ISLAMIC REPUBLIC OF IRAN TEHRAN, IRAN; | ) ) ) ) ) |
| and | ) ) |
| THE ISLAMIC REPUBLIC OF IRAN, | ) |
| MINISTRY OF FOREIGN AFFAIRS IMAM KHOMEINI SQ., TEHRAN, IRAN; | ) ) ) ) ) |
| DEFENDANTS. | ) |

## INTRODUCTION

1.   Plaintiff, Edwena R. Hegna, a citizen and resident of Mesa, Arizona, is the duly appointed and acting executrix of the estate of her deceased husband, Charles F. Hegna, by the terms of this Will, and the decree of the Probate Court of Louden County, Virginia.

2.   The said plaintiff and her deceased husband, at all times prior to his death, were citizens and residents of Sterling in the Commonwealth of Virginia. The decedent was temporarily residing in Karachi, Pakistan, however, where he was employed by the Agency for International Development ("AID"), a United States Government agency.

3.   The heirs at law and next of kin of the decedent, Charles F. Hegna, are all United States nationals and include his wife, Edwena R. Hegna, the plaintiff herein, of

Mesa, Arizona, and his four children, the individual plaintiffs, Steven A. Hegna, of Alexandria, Virginia; Craig M. Hegna, of Potomac Falls, Virginia; Lynn Marie Hegna Moore of Gilbert, Arizona; and Paul B. Hegna of Mesa, Arizona.

4.  The defendant, the Islamic Republic of Iran ("Iran") is a foreign sovereign state and the Islamic Revolutionary Guard Corps ("IRGC"), a separate jural entity, and its Qods Force, a branch of the IRGC are agencies or instrumentalities of Iran.

5.  At all pertinent times the IRGC was, and still is, entrenched in Iran's economy and commercial enterprises, doing business by and through numerous companies and entities on behalf of Iran. IRGC's Qods Force branch has had a long history of supporting Hizballah's military, paramilitary, and terrorist activities.

6.  At all pertinent times, IRGC and its Qods Force branch have provided, and they still are providing Hizballah with guidance, funding, weapons, intelligence, and logistical support. The Qods Force branch of the IRGC at all pertinent times has operated and still operates training camps for Hizballah in Lebanon's Bekaa Valley. At all pertinent times IRGC has trained thousands of Hizballah fighters at IRGC training facilities in Iran. The IRGC's Qods Force currently provides roughly $100 to $200 million in funding a year to Hizballah.

7.  The IRGC's Qods Force branch has been designated as a terrorist entity by the Secretary of State. The United States Senate has resolved that the IRGC is a terrorist party within the meaning of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)) and section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371).

8. At all times pertinent hereto, Iran, was and it still is, a foreign state and since January 19, 1984 was, and still is, designated a state sponsor of terrorism, pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App.) § 2405(j) and section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371).

9. At all times pertinent hereto, Iran has provided material support and resources to Hizballah, a political and paramilitary, terrorist organization operating in Lebanon and elsewhere in the Middle East. Iran and its agencies and instrumentalities including IRGC sponsored Hizballah, within the meaning of 28 U.S.C. 1605A (a) (2) (A) (i) (1), by providing it with funding, direction and training for its terrorists activities in Lebanon and elsewhere in the Middle East.

10. The defendant, the IRGC, acting through its companies and entities, including its Qods Force (hereinafter, collectively, the IRGC) functions both within and outside of Iranian territory. IRGC, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605A, which caused Charles Hegna to be abducted, tortured and murdered as hereinafter alleged.

11. Specifically, IRGC acted as a conduit for Iran's provision of funds, training and direction to Hizballah at Baalbeck, Lebanon ("Baalbeck Camp") for its terrorist airline hijacking activities, including the actions relating to the hijacking of Kuwait Airways Corporation ("KAC") Flight #221 on December 4, 1984 and subsequent days, as hereinafter more particularly alleged.

12. Charles Hegna's injuries and death occurred in the course of the hijacking of KAC #221, on December 4, 1984, while over the Gulf of Oman and he was shot while

on board the KAC craft as it was held on the ground at Teheran, Iran by the hijackers, all as more particularly alleged hereinafter.

13. This is an action pursuant to 28 U.S.C. § 1605A(c) against the defendants, IRGC and Iran (vicariously liable for the acts of IRGC alleged herein, pursuant to the 28 U.S.C. § 1605A(c)) for compensatory and punitive damages for the personal injuries and death of the plaintiff's decedent, Charles F. Hegna, caused by acts hostage taking, torture, and extrajudicial killing, or the provision of material support or resources for such acts. The acts of hostage taking, (as that term is defined in Article 1 of the International Convention Against the Taking of Hostages) torture and extrajudicial killing (as those terms are defined in Section 3 of the Torture Victim Protection Act of 1991) occurred on board KAC # 221 in the course of the hijacking.

14. The aforesaid acts or provision of material support or resources for such acts were engaged in by the IRGC and its officials, employees, or agents while it and they were acting within the scope of its and their employment, or agency as such employees, agents or instrumentalities of Iran, within the meaning of 28 U.S.C. § 1605A(c)(4).

15. A related action, within the meaning of 28 U.S. C. § 1605(a) & (c) was commenced under 28 U.S.C. § 1605(a)(7) (before the date of the enactment of 28 U.S.C. § 1605A), <u>Hegna v. Islamic Republic of Iran</u>, Civ. No. 00-OC.00716CHHK, United States District Court, District of Columbia and this action was commenced not later than sixty (60) days after the date of enactment of P.L. 110-181 (January 22, 2008).

## JURISDICTION

16   Jurisdiction of this Court is founded upon 28 U.S.C. §§1330(a). Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) (4).

## FACTS

17.   On December 4, 1984, Charles F. Hegna was traveling from Kuwait City, Kuwait to Karachi, Pakistan, via Dubai, United Arab Emirates, on KAC Flight #221.

18.   On or about December 4, 1984, Charles F. Hegna, the plaintiff's decedent, was a passenger on KAC #221, an A-300 aircraft (Airbus), so-called, owned, operated and controlled by Kuwait, a sovereign nation, through Kuwait Airways Corporation.

19.   On said date, on information and belief, KAC #221 was hijacked by four (4) armed terrorists, including one Imad Mughniyah, who were using the aliases Samir Daouk, Shaql Abur Shakra, Kahlid Nafi, and Omar Nafi (hereinafter, collectively "the hijackers").

20.   Using interline tickets, obtained by them at Beirut, Lebanon, the hijackers flew to Dubai from Beirut aboard a certain Middle East Airlines ("MEA") Flight #426, and transferred to KAC #221 there.

21.   Said terrorists-hijackers were armed with firearms, grenades and explosives, which they used in hijacking said aircraft as it flew over international waters, approximately eighty (80) miles west of Pakistan, and over the Gulf of Oman.

22.   Said hijacking was accomplished to obtain hostages to secure the releases of other terrorists, the Da'wa Prisoners so-called, held in Kuwait for attacks on the United States and French embassies there. Said hijacking was in furtherance of a

continuing campaign of terrorism by Hizballah against the United States and its officials, and against the allies of the United States, including Kuwait and its airline, KAC.

23. On December 4, 1984, Charles F. Hegna was kidnapped, held hostage and tortured while KAC #221, under the hijackers' control, proceeded over international waters and thence over Iranian territory.

24. The hijackers forcibly, and by threats of force, re-routed KAC #221 to Tehran, Iran (Mehrabad Airport) where they forced it to land.

25. The four hijackers of KAC #221 were recruited by Iran and the IRGC from the Lebanese Hizballah organization in Lebanon sometime before November 24, 1984.

26. On information and belief, Iran and IRGC maintained a camp for training these four (4) terrorist-hijackers, among others, at Baalbeck Camp on November 24, 1984, and for a long time prior thereto.

27. The said hijackers, Hizballah leaders and IRGC, among others, engaged, jointly in planning the hijacking of KAC #221.

28. On or about December 5, 1984, after several hours of imprisonment as a hostage and more torture aboard the KAC aircraft, Charles F. Hegna was ultimately shot at point blank range by the hijackers or by one or more of them, to plaintiffs unknown. Charles F. Hegna was gravely wounded when he was thrown from the plane to the Tehran airport runway, after which he died from his wounds following a prolonged period of pain and suffering.

29. Acting through the said IRGC, as hereinbefore alleged, the defendants directly participated with the aforesaid four (4) hijackers in causing the hijacking,

hostage taking, torture, personal injuries and extra judicial killing of Charles F. Hegna, in the course of the hijacking of KAC #221.

FIRST COUNT (AS TO THE ESTATE OF CHARLES F. HEGNA):

30. Paragraphs 1 through 29 are hereby incorporated in and made a part of the First Count as fully as if set forth herein.

31. Prior to his death, Charles F. Hegna also suffered extreme pain from his wounds, as well as suffering and emotional distress as result of his hostage status, beatings, and torture and death threats inflicted upon him.

32. As a further result of the hijacking, the decedent's estate incurred funeral and burial expenses.

33. As a further result of the hijacking, the decedent's estate sustained a loss of accretions from the decedent's future earnings and benefits.

SECOND COUNT (AS TO EDWENA R. HEGNA, INDIVIDUALLY):

34. Paragraphs 1 through 33 of the Second Count are hereby incorporated in and made a part of the Second Count as fully as if set forth herein.

35. By reason of her husband's death, the plaintiff, Edwena R. Hegna, has suffered loss of consortium and been deprived of her husband's financial support, care, love, protection, society and companionship.

36. As a further result of her husband's death at the hands of terrorists, Edwena R. Hegna, endured great pain and suffering and prolonged grief and sorrow, resulting in a long period of psychological care and treatment, warranting an award of solatium damages, within the meaning of 28 U.S.C. § 1605A(c).

THIRD COUNT (AS TO THE CHILDREN OF CHARLES F. HEGNA):

37. Paragraphs 1 through 36 of the Second Count are hereby incorporated in and made a part of the Third Count as fully as if set forth herein.

38. By reason of their father's death, the plaintiffs, Steven A. Hegna, Craig M. Hegna, Lynn Marie Hegna Moore and Paul B. Hegna and each of them (collectively, "the children"), have been deprived of their father's care, love, protection, society, companionship and financial support.

39. As a further result of her their father's death at the hands of terrorists, the children have endured great pain and suffering and prolonged grief and sorrow, warranting an award of solatium damages, within the meaning of 28 U.S.C. § 1605A(c).

## PUNITIVE DAMAGES (AS TO ALL PLAINTIFFS)

40. Paragraphs 1 through 39 are hereby incorporated in and made a part hereof, as fully as if set forth herein.

41. The defendants, and each of them, are jointly and severally liable for punitive damages pursuant to 28 U.S.C. § 1605A(c).

WHEREFORE, the plaintiff, Edwena R. Hegna, as Executrix of the Estate of Charles F. Hegna, and individually, and the plaintiffs, Steven A. Hegna, Craig M. Hegna, Lynn Marie Hegna Moore, and Paul B. Hegna claim punitive damages, in an amount to be determined by the court, together with compensatory damages and the costs of this action and interest as follows:

(1) Edwena R. Hegna, Executrix of the Estate of
    Charles F. Hegna:                                           $ 3,000,000.00

| | | |
|---|---|---|
| (2) | Edwena R. Hegna | $30,000,000.00 |
| (3) | Steven A. Hegna | $ 5,000,000.00 |
| (4) | Craig M. Hegna | $ 5,000,000.00 |
| (5) | Lynn Marie Hegna Moore | $ 5,000,000.00 |
| (6) | Paul B. Hegna | $ 5,000,000.00 |

THE PLAINTIFFS,
EDWENA R. HEGNA, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF CHARLES F. HEGNA AND STEVEN A. HEGNA, CRAIG M. HEGNA, LYNN MARIE HEGNA MOORE, AND PAUL B. HEGNA

By: _____
RALPH P. DUPONT, ESQ.
CT 05596

By: _____
BARBARA J. DUPONT, ESQ.
CT 15920

OF THE DUPONT LAW FIRM, L.L.P.
Their Attorneys
1177 High Ridge Rd. Suite 234
Stamford, CT 06905
Tel: (203) 321-2176
Fax: (203) 312-1275
E-mail: radlaw2001@aol.com

10